IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FREYBURGER LLC,

                                                                                                                      ORDER

                      Plaintiff,

                                                                                                09-cv-104-bbc

      v.

MICROSOFT CORPORATION,

                     Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Before the court are the parties' cross motions for claim construction of several terms in plaintiff Freyburger LLC's U.S. Patent No. 6,405,368. In accordance with the preliminary pretrial conference order, the parties were required to show that "construction of each specified term is necessary to resolve a disputed issue concerning infringement or invalidity." Dkt. #11, at 2. The parties have complied with this requirement with respect to the term "template" in claims 3 and 5 of the '368 patent. Defendant explains in its opening brief how construction of that term is "key" to determining whether a "template" is the same as defendant's .NET generics. Dkt. #24, at 18. I am persuaded that a hearing would assist the court in resolving the dispute regarding this term.

      However, neither party identifies an issue or infringement or invalidity that would

1

be resolved by construing the terms "template definition," "template instantiation," "source file," "object file," "source file having a template instantiation," "translation of the template definition," "The step of compiling the second source file into a second object file having as inputs the second source file and the template definition from the first object file" or "The step of compiling the second source file into a second object file having as inputs the second source file and a translation of the template definition." Although defendant says that these terms must be construed to resolve important issues, it fails to identify those issues with any specificity. If either party wishes to have the terms construed before summary judgment, it must explain in its response brief why the construction is necessary. If the parties fail to do this, the terms will not be discussed at the hearing or construed by the court before summary judgment.

ORDER

IT IS ORDERED that the clerk of court is directed to schedule a hearing on claims construction in this case for 9:00 am on Friday, August 14, 2009 at 9:00 am. Each side will have 90 minutes to present its argument or offer testimony in support of its proposed

constructions.

Entered this 20th day of July, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge